Dear Mr. Brewer:
I am in receipt of your request for an Attorney General's opinion wherein you ask the following:
 1) The authority of the State Board of Elementary and Secondary Education (BESE) and the Louisiana Department of Education to deny unauthorized credits issued to students when said credits were found by the Louisiana Department of Education to be out of compliance with the Louisiana Revised Statutes and the regulations in Bulletin 741;
 2) Or does the school principal, with approval from the local school board, have the sole authority to require and/or allow students to receive course credit and subsequently graduate and receive a diploma without ever successfully completing the course work and/or requirements of Bulletin 741 and Louisiana Revised Statutes?
Article 8 § 3 of the Louisiana Constitution mandates BESE to supervise and control the public elementary and secondary schools, vocational, technical training and the special schools under its jurisdiction.
LSA-R.S. 17:7(5) states that BESE shall:
 Prepare and adopt or approve courses of study and rules, by-laws, and regulations for the discipline of students and for the government of the public elementary and secondary schools and other public schools and programs under its jurisdiction, which shall not be inconsistent with law and which shall be enforced by the parish and city school boards and the parish and city superintendents. However, the board shall have no control over the business affairs of a parish or city school board or the selection or removal of its officers and employees.
LSA-R.S. 17:6A(11) and 17:6A(15)state that BESE shall have authority to:
 (11) Award certificates and issue diplomas for successful completion of programs of study. All certificates and diplomas shall be prepared by the State Department of Education and shall bear the signature of the president of the board and of the state superintendent of education for public elementary and secondary education.
 (15) Perform such other functions as are necessary to the supervision and control of those phases of education under its supervision and control.
Additionally, LSA-R.S. 17:22(2)(a) provides that the Louisiana Superintendent of Education is vested with the duty to cause all certificates and diplomas that are to be awarded to be prepared by the State Department of Education.
The Board of Elementary and Secondary Education is given the constitutional authority to determine educational policy for the public schools in the state. Board of Elementary and SecondaryEducation v. Nix, 347 So.2d 147.
As discussed in Attorney General Opinion No. 77-1725-A, the power to set policy for elementary and secondary schools is vested in BESE alone. Bulletin 741 which is approved by BESE sets our uniform minimum requirements for graduation throughout the State. The author of the opinion noted that our opinions have stated:
 . . . a local school board or a particular school within a local school system does not have the authority to require more stringent attendance policies than those presently enforced and found in Bulletin 741. Neither does a local school board or a school within a local system have the authority to raise the academic requirements above the uniform minimum requirements enforced and found in 741.
Therefore, a school that wants to reduce the requirements that have been established by BESE would also have to have the approval of BESE.
In Attorney General Opinion No. 78-102, the author of the opinion opined the following in reference to attendance for students:
 A student cannot miss more than the minimum number of days stated in Bulletin 741 and still be eligible to receive credit for the courses taken during this time.
 This is a policy matter within the purview of the Board of Elementary and Secondary Education (BESE). The policy formulated by BESE via Bulletin 741 is administered by the Department of Education. This mandate by the Constitution primes all statutes on attendance and as such all regulations thereunder are our existing laws. BESE and the Department of Education have control over all of public education. The only limitation is that they have no control over the business affairs it (sic) a parish or city school board or the selection or removal of its officers and employees. La. Const. 1974 Art. VIII, Sect. 3(A), Sect. 2, R.S. 17:1 et seq, R.S. 17:22 et seq.
 For the foregoing reasons, you are bound by the rules and regulations of BESE on compulsory attendance. Any deviations from these requirements can only be implemented with the approval of BESE.
In answer to your first question, the authority of BESE and the Department of Education to deny unauthorized credits issued to students when said credits were found by the Louisiana Department of Education to be out of compliance with the Louisiana Revised Statutes and the regulations in BESE Bulletin 741 is exclusive. In answer to your second question, a school principal, with approval of the local school board, does not have the authority to require and/or allow students to receive course credit and subsequently graduate and receive a diploma without ever successfully completing the course work and/or requirement of BESE Bulletin 741 and the Louisiana Revised Statutes.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
b:98-136.op